IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen Corley, | ) | C/A No. 0:17-1607-RBH-PJG |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Dennis Bush, *Warden of Broad River Corr. Institution*, | ) | |
| Respondent. | ) | |

The petitioner, Stephen Corley, a self-represented state prisoner, filed a petition for a writ of habeas corpus. The Petition is filed pursuant to 28 U.S.C. § 1915A. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

I. **Factual and Procedural Background**

Petitioner indicates he is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections. He claims he was convicted of two counts of felony driving under the influence[1] and was sentenced to consecutive twenty-two year terms of imprisonment. Petitioner does not provide any information about when or where he was prosecuted. Regardless, Petitioner claims that the consecutive sentences amount to double jeopardy because the two deaths occurred in a single car accident. He also raises a claim that his plea counsel was

---

[1] See S.C. Code Ann. § 56-5-2945.

ineffective. Petitioner seeks habeas corpus relief pursuant to Butler v. State, 397 S.E.2d 87 (S.C. 1990).

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B. Analysis

Initially, the court notes that while Petitioner seeks relief pursuant to Butler v. State, 397 S.E.2d 87 (S.C. 1990) (providing the standard for the issuance of a writ of habeas corpus under South Carolina law), such relief is not available in this court. Consequently, the court construes the

*PJG*

Petition as seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. See generally In re Wright, 826 F.3d 774, 783 (4th Cir. 2016) ("[W]hen a prisoner being held 'pursuant to the judgment of a State court' files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 and all associated statutory requirements shall apply, regardless of the statutory label the prisoner chooses to give his petition.") (internal quotation marks omitted) (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)).[2]

In light of the court's construction of the Petition, the instant case should be summarily dismissed as a successive § 2254 petition. "[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also 28 U.S.C. § 2244(b). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Davis v. McFadden, C/A No. 0:14-2662-RMG, 2014 WL 5305931, at *4 (D.S.C. Oct. 15, 2014) (adopting and incorporating Report and Recommendation). Thus, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit before this court may consider a second or successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also In re Williams, 330 F.3d

---

[2] The court's records reflect that Petitioner previously filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254, also challenging Petitioner's convictions for driving under the influence. Corley v. Stevenson, C/A No. 0:15-375-RBH. In that matter, summary judgment was granted in the respondent's favor.

277 (4th Cir. 2003). As Petitioner provides no indication that he received such permission from the Fourth Circuit prior to filing this Petition, it is subject to summary dismissal. Petitioner can obtain the forms necessary to seek authorization to file a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

**III. Conclusion**

Accordingly, the court recommends that the Petition for a writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 28, 2017
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).